UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

ROBERT E. STEWART, II,

    Plaintiff,

    v.   Cause No. 4:22-CV-044-PPS-APR

KIMBRA NIXON,

    Defendant.

OPINION AND ORDER

Robert E. Stewart, II, a prisoner without a lawyer, filed a complaint against Kimbra Nixon. [DE 1.] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation and citation omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Stewart alleges that various grievances related to his medical care while incarcerated at the Tippecanoe County Jail are not in his medical file. [DE 1 at 2–3.] Stewart claims that Kimbra Nixon removed them in retaliation for filing two lawsuits. *Id. See generally Stewart v. Goldsmith*, No. 4:19-CV-108-TLS-APR (filed Nov. 14, 2019, and dismissed as moot Feb. 21, 2021); *Stewart v. Elrod,* No. 4:21-CV-063-JTM-JEM (filed Sep.

3, 2021). Although Stewart represents that Nixon was involved in the incidents that led to those lawsuits, Nixon was not named as a defendant in either action.

"To prevail on his First Amendment retaliation claim, [Stewart] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendant['s] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (internal quotation and citation omitted). Stewart has identified protected First Amendment activity: filing two lawsuits. He has not, however, pled facts from which it can be plausibly inferred that Nixon removed grievances from his medical file, that future first amendment activity would be deterred by the alleged removal of grievances, or that the alleged removal of the grievances was motivated by the filing of the lawsuits.

Stewart's assertion that grievances were removed from his medical file appears to be based on nothing more than speculation. Moreover, it is not clear why Stewart believes that the grievances should be part of his medical file at all. Grievances are not typically considered medical records; rather, they are the jail's records of its administrative procedures.

When determining whether an action is sufficiently adverse, courts consider "whether the alleged conduct by the defendants would likely deter a person of ordinary firmness from continuing to engage in protected activity." *Surita v. Hyde*, 665 F.3d 860, 878 (7th Cir. 2011). "This is an objective standard; it does not hinge on the personal experience of the plaintiff." *Holleman v. Zatecky*, 951 F.3d 873, 880 (7th Cir.

2

2020). Having grievances destroyed (thereby making it more difficult to demonstrate compliance with the exhaustion requirements for bringing a lawsuit) may cause someone to keep better records in the future, but it is unlike to deter a person of average firmness from engaging in future First Amendment activity.

Finally, Stewart has not pled facts from which it can reasonably be inferred that Nixon's alleged removal of grievances from his medical file was motivated by Stewart's filing of the two lawsuits. Even assuming there were grievances in the medical file to be removed, Stewart's assertion that Nixon removed the grievances appears to be based on speculation. Stewart thinks that Nixon removed the grievances from his file based on his belief that Nixon held a grudge against him for filing the two lawsuits. But more than a vague reference to a grudge is required to infer that Nixon removed the grievances and that her decision was motivated by his First Amendment activity.

This complaint does not state a claim for which relief can be granted. Nevertheless, Stewart may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, Stewart needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the Court.

**ACCORDINGLY:**

(1) The Court **GRANTS** Robert E. Stewart, II, until **August 22, 2022**, to file an amended complaint; and

(2) **CAUTIONS** Robert E. Stewart, II, that if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED** on July 25, 2022.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT