UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

ROBERT E. STEWART, II,

    Plaintiff,

    v.                                                                  Cause No. 4:22-CV-44-PPS-APR

KIMBRA NIXON, and THOMAS
LEHMAN,

    Defendants.

**OPINION AND ORDER**

Robert E. Stewart, II, a prisoner without a lawyer, filed an amended complaint against Kimbra Nixon and Thomas Lehman. [DE 7.] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The factual allegations in the amended complaint are essentially the same as those in the original complaint. [DE 1; DE 7.] Stewart believes various grievances related to his medical care while incarcerated at the Tippecanoe County Jail are not in his medical file because Kimbra Nixon removed them in retaliation for filing two lawsuits. *See Stewart v. Goldsmith*, Case No. 4:19-CV-108-TLS-APR (filed Nov. 14, 2019,

and dismissed as moot Feb. 21, 2020); *Stewart v. Elrod,* Case No. 4:21-CV-63-JTM-JEM (filed Sept. 3, 2021). Nixon was not named as a defendant in either lawsuit, although Stewart represents that she was involved in the incidents that led to those suits.

"To prevail on his First Amendment retaliation claim, [Stewart] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendant['s] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). My earlier screening order found that Stewart had identified protected First Amendment activity, but he had not pled facts from which it can be plausibly inferred that Nixon removed grievances from his medical file, that future first amendment activity would be deterred by the alleged removal of grievances, or that the alleged removal of the grievances was motivated by the filing of the lawsuits. [DE 5 at 2–3.] The same is true of the amended complaint.

My order screening Stewart's original complaint noted that his assertion that grievances were removed from his medical file appeared to be based on nothing more than speculation. It was unclear why Stewart believed grievances should be part of his medical file, since grievances are not typically considered medical records; rather, they are the jail's records of its administrative procedures. Stewart now explains that the medical department handles its own grievances. Even so, the grievances would not necessarily be a part of Stewart's medical file. All the same, giving Stewart the benefit of the inferences to which he is entitled at this stage of the case, it can be plausibly inferred

from Stewart's assertion that the medical department handled their own grievances that grievances should have been part of the medical file and they are missing.

However, neither Stewart's original complaint nor his amended complaint contain facts from which it can be inferred that Nixon's alleged removal of grievances from his medical file was motivated by Stewart's filing of the two lawsuits. Stewart's assertion that Nixon removed the grievances still appears to be based on speculation. Regarding his original complaint, I explained to Stewart that his belief that Nixon held a grudge against him for filing the two lawsuits was not enough to infer that she removed the grievances and that her decision was motivated by his First Amendment activity. [DE 5 at 3.] In his amended complaint, Stewart adds that Nixon has said and done "very spiteful and damaging" things. [DE 7 at 2.] He further asserts that she has a personal angst against him because he complained about her use of unprofessional language and the medical care she provided. *Id.* If anything, this alternative explanation of her motivation for removing the grievances (if she did so) undercuts Stewart's earlier contention that she removed the grievances because he filed lawsuits. At any rate, these vague references to her dislike of Stewart are insufficient to permit a plausible inference that she removed grievances from Stewart's medical records because he filed the two lawsuits.

Furthermore, as explained previously [DE 5 at 2], when determining whether an action is sufficiently adverse, courts consider "whether the alleged conduct by the defendants would likely deter a person of ordinary firmness from continuing to engage in protected activity." *Surita v. Hyde*, 665 F.3d 860, 878 (7th Cir. 2011). "This is an

3

objective standard; it does not hinge on the personal experience of the plaintiff." *Holleman v. Zatecky*, 951 F.3d 873, 880 (7th Cir. 2020). Having grievances destroyed (thereby making it more difficult to demonstrate compliance with the exhaustion requirements for bringing a lawsuit) may cause someone to keep better records in the future, but it is unlike to deter a person of average firmness from engaging in future First Amendment activity. Stewart's amended complaint has not addressed this deficiency.

Stewart has named a second defendant in his amended complaint: Thomas Lehman. Stewart alleges that Lehman knew Stewart filed a grievance about surgery and wrote an affidavit that said Stewart did not file that grievance. Stewart has not pled facts that suggest Lehman misstated the facts in the affidavit in retaliation for filing lawsuits or engaging in any other protected First Amendment activity. Furthermore, much like the destruction of grievances, such an action is unlikely to deter future First Amendment activity.

ACCORDINGLY:

This case is **DISMISSED** under 28 U.S.C. § 1915A because Stewart has not stated a claim for which relief can be granted.

**SO ORDERED** on August 25, 2022.

    /s/ Philip P. Simon  
    PHILIP P. SIMON, JUDGE  
    UNITED STATES DISTRICT COURT